**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JUANITA HARRIS,**
**Plaintiff**

**CIVIL ACTION**

**VERSUS**

**NO. 24-1037**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., ET AL.,**
**Defendants**

**SECTION: "E" (1)**

## ORDER AND REASONS

Before the Court is a Motion to Remand to State Court ("Motion to Remand") filed by Plaintiff Juanita Harris.[1] Defendants Ace American Insurance Company ("Ace American") and Jarryd Rutter (collectively, the "Defendants") filed a memorandum in opposition.[2] Plaintiff Harris filed a reply.[3] At the Court's request, the parties filed supplemental memoranda.[4]

## BACKGROUND

This case arises from an automobile accident occurring in New Orleans, Louisiana.[5] According to Plaintiff Harris, on June 13, 2022, Defendant Rutter negligently operated a motor vehicle that struck the vehicle Harris was driving, causing her vehicle to hit a building.[6] On May 16, 2023, Plaintiff filed suit in the Civil District Court for the Parish of Orleans against Defendants Rutter, Ace American, and State Farm Mutual

[1] R. Doc. 13.
[2] R. Doc. 16.
[3] R. Doc. 17.
[4] R. Docs. 20, 21, 22.
[5] R. Doc. 1-1 at p. 1.
[6] *Id.*

Insurance Co.[7] Plaintiff alleges that, as a result of Defendant Rutter's negligence, she has "suffered past, present and future physical and mental pain and suffering as a consequence of musculoskeletal injuries," and "incur[red] medical expenses past and future and lose income [sic]."[8] Plaintiff's state court petition does not assign specific amounts to the claims asserted against the Defendants. Instead, Plaintiff claims she is entitled to recover money damages "in a true and full sum in excess of fifty thousand ($50,000) dollars together with legal interest from the date of judicial demand and for all costs of these proceedings."[9]

On April 24, 2024, the Defendants removed the action to federal court on the jurisdictional basis of diversity of citizenship (the "First Notice of Removal").[10] The Defendants attached to their First Notice of Removal an email demand letter dated March 26, 2024 (the "Demand Letter"), in which Plaintiff's counsel indicates Plaintiff "will accept nothing less than [the $100,000 coverage] limit" of the Defendants' insurance policy.[11] The Defendants claim the Demand Letter supports their contention that "the amount in controversy exceeds $75,000, exclusive of interest and costs."[12] Finding the Defendants' First Notice of Removal "simply recites the generic damage allegations contained in Plaintiff's petition" and the Demand Letter, and fails to otherwise present "'summary judgment type evidence' concerning the value of plaintiff's damages," the Court ordered the Defendants to amend their notice of removal to demonstrate the amount in controversy in this case exceeds $75,000.[13]

---

[7] *Id.*
[8] *Id.* at p. 2.
[9] *Id.* at p. 3.
[10] R. Doc. 1.
[11] R. Doc. 1-3.
[12] R. Doc. 1 at p. 4.
[13] R. Doc. 6.

On May 16, 2024, the Defendants timely filed their Amended Notice of Removal.[14] Plaintiff Harris then filed her Motion to Remand on May 20, 2024, arguing the Defendants' First Notice of Removal was untimely.[15]

## LAW AND ANALYSIS

### A. Under 28 U.S.C. § 1446(b)(3), removal is timely when filed within 30 days after the receipt of an "other paper" by a defendant.

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the United States Constitution or by Congress.[16] Federal law allows for state civil suits to be removed to federal courts in certain instances. Generally, removal jurisdiction is governed by 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by [an] Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.[17]

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[18]

28 U.S.C. § 1446 sets forth the procedure for removal.[19] Pursuant to § 1446(b)(1), when a case satisfies the requirements for federal jurisdiction and is thus removable from state court, any notice of removal "shall be filed within 30 days" of a defendant's receipt of "the initial pleading setting forth the claim for relief."[20] In the diversity-jurisdiction context, the Fifth Circuit has ruled that to trigger the 30-day timeline under § 1446(b)(1),

---

[14] R. Doc. 12.
[15] R. Doc. 13-1.
[16] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[17] 28 U.S.C. § 1441(a).
[18] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[19] *See Chapman v. Powermatic Inc.*, 969 F.2d 160, 161 (5th Cir. 1992) ("When read as a whole, § 1446(b) provides a two-step test for determining whether a defendant timely removed a case."); *see also, e.g.*, *Wright v. Nat'l Interstate Ins. Co.,* 2017 WL 344283 (E.D. La. Jan 24, 2017).
[20] 28 U.S.C. § 1446(b)(1).

a plaintiff's initial state court pleading must contain "a specific allegation that damages are in excess of the federal jurisdictional amount."[21]

Because Louisiana law forbids the pleading of a "specific monetary amount of damages,"[22] 28 U.S.C. § 1446(b)(3), which provides a timeline for removal when the initial pleading does not make clear the case is removable but some later filing does, is relevant to the instant Motion to Remand.[23] Section 1446(b)(3) allows for "a notice of removal [to] be filed within 30 days after receipt by the defendant" of "an amended pleading, motion, order or *other paper* from which it may be first ascertained that the case is one which is or has become removable."[24] The definition of "other paper" includes "information relating to the amount in controversy" in those instances when "the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed" the $75,000 requirement for federal diversity jurisdiction.[25] Further, "other paper" means that paper "received by a defendant only *after* that defendant has received the initial pleading"[26] and produced by some "voluntary act by the plaintiff." That is, "'the defendant's subjective knowledge' cannot begin the clock for removal."[27]

**B. The Defendants' First Notice of Removal was timely filed within 30 days of their receipt of the "other paper" in the form of Plaintiff's Demand Letter.**

The Defendants removed this action pursuant to 28 U.S.C. § 1441, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332.[28] Neither requirement of diversity

---

[21] *Chapman*, 969 F. 2d. at 163.
[22] LA. CODE CIV. P. art. 893(a)(1). Louisiana law only permits "a general allegation that the claim exceeds or is less than the requisite amount" required for federal jurisdiction or other purposes. *Id.*
[23] 28 U.S.C. § 1446(b)(3).
[24] *Id.* (emphasis added).
[25] 28 U.S.C. § 1446(c)(3)(A).
[26] *Chapman*, 969 F.2d at 164 (emphasis added).
[27] *Daverede v. State Farm Fire & Cas. Co.*, 22-463, 2022 WL 1963713, at *2 (E.D. La. June 6, 2022) (quoting *S.W.S. Erectors, Inc., v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996)).
[28] R. Docs. 1, 12.

jurisdiction—that the parties be citizens of different states, and that the amount in controversy exceed $75,000[29]—is in dispute. Rather, at issue is *when* it became clear that the amount-in-controversy requirement was satisfied, and in turn, whether the Defendants' First Notice of Removal was timely under 28 U.S.C. § 1446.

In her Motion to Remand, Plaintiff Harris claims the Defendants' First Notice of Removal was untimely because it was "filed over 30 days after the Defendants had proof that the claimed damages exceeded $75,000, exclusive of interest and cost."[30] Specifically, Plaintiff argues the Defendants were first put on notice that her claims exceed $75,000 when she responded to a discovery request propounded by the Defendants on October 10, 2023 (the "October 2023 Discovery Response").[31] Plaintiff claims she produced evidence of her injuries and treatment in her October 2023 Discovery Response, including "MRI studies reflecting cervical disc herniations as well as lumbar facet and disc pathology, treatment with an orthopedic surgeon and pain management physician reflecting epidural steroid injections, and radiofrequency ablations, as well as evidence of medical expenses on that date totaling $27,431.14."[32]

In opposition, the Defendants argue "it was not 'unequivocally clear and certain'" from Plaintiff's October 2023 Discovery Response "that this Court had jurisdiction over this case."[33] The Defendants claim they were only put on notice that the amount-in-controversy exceeds $75,000 after they received Plaintiff's Demand Letter on March 26, 2024.[34] Thus, the Defendants contend the First Notice of Removal was timely because it

[29] 28 U.S.C. § 1332(a).
[30] R. Doc. 13-1 at pp. 1-2.
[31] R. Doc. 13-3 (citing Plaintiff's Oct. 10, 2023 Discovery Responses, R. Doc. 13-3).
[32] Plaintiff does not point to any record citations. R. Doc. 13-1 at p. 1.
[33] R. Doc. 16 at p. 7 (quoting *Cole ex rel. Ellis v. Knowledge Learning Corp.*, 416 F. App'x 437, 440 (5th Cir. 2011)).
[34] *Id.* at p. 8.

was filed on April 24, 2024, less than 30 days after they received Plaintiff's Demand Letter.[35]

For a purported diversity-jurisdiction case to be removable upon the initial pleading, that pleading must "affirmatively reveal on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."[36] As noted above, Louisiana law does not allow a plaintiff to plead a specific amount of money damages, but it *does* permit a plaintiff to allege that the damages sought affirmatively meet or fail to meet a specific jurisdictional threshold.[37] Plaintiff did not do so here, and in the initial-pleading removal context, courts may not speculate about the jurisdictional sufficiency of generally stated damages[38] nor hold defendants responsible for whether their "subjective knowledge"[39] suggests removal is proper upon the initial pleadings.

Plaintiffs' state court petition did not satisfy the "bright line rule" that requires a plaintiff to make a *specific allegation* of damages in excess of "the federal jurisdictional amount" to start the 30-day clock for removal.[40] The only specified amount of damages in the petition is the general allegation that Plaintiff is entitled to a sum in excess of $50,000.[41] That level of generality does not equate to a specific allegation,[42] nor did Plaintiffs avail themselves of the option provided by Louisiana law to affirmatively state the $75,000 threshold would be exceeded.[43] As a result, this case was not removable upon service of that initial pleading.

---

35 *Id.* at pp. 7-8.
36 *Chapman*, 969 F.2d at 163; *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir.2013) (same).
37 LA. CODE CIV. P. art. 893(a)(1).
38 *See, e.g.*, *Welp v. Hanover Ins. Co.*, 078859, 2008 WL 235348 (E.D. La. Jan. 28, 2008); *Shaw, et al. v. Wal-Mart Louisiana, LLC, et al.*, 2022 WL 123248, (E.D. La. Jan. 13, 2022).
39 *Daverede*, 2022 WL 1963713, at *2.
40 *See Chapman*, 969 F.2d at 163.
41 R. Doc. 1-1 at p. 3.
42 *Welp,* 2008 WL 235348; *Shaw,* 2022 WL 123248.
43 *See* LA. CODE CIV. P. art. 893(a)(1).

Certain "practical ramifications" underlie the requirement that plaintiffs be specific and deliberate as to the jurisdictional consequences of the damages they claim.[44] Under this rule, courts operate more efficiently, avoiding "copious time" spent in search of what a defendant knew or "should have known" upon receipt of the initial pleading.[45] Even more, defendants need not "remove cases prematurely" for "fear of accidentally" missing the 30-day window of 28 U.S.C. § 1446(b)(1) when the initial pleading does not obviously satisfy removal criteria.[46] Rather, failing any "specific allegation that damages are in excess of the federal jurisdictional amount,"[47] a defendant may remove a case within 30 days of receiving the "other paper" from which it may ascertain that the case is removable.[48]

The Court finds that Plaintiff's state court petition and October 2023 Discovery Response were not sufficient to put the Defendants on notice that Plaintiff's claims exceed the $75,000 threshold for this Court's diversity jurisdiction. The medical records attached to Plaintiff's October 2023 Discovery Response reflect that Plaintiff's medical expenses totaled $27,431.14.[49] Although the medical records indicate Plaintiff underwent "MRI studies reflecting cervical disc herniations,"[50] "courts in this district have repeatedly held that unoperated herniated discs do not meet the jurisdictional minimum,"[51] and a review of Plaintiff's medical records reveal that at no point was she given a recommendation for surgery.[52]

---

44 *Mumfrey*, 719 F.3d at 399 (citing *Chapman*, 969 F.2d at 163).
45 *Id.*
46 *Id.*
47 *Chapman*, 969 F.2d at 163.
48 28 U.S.C. § 1446(b)(3).
49 R. Doc. 13-1 at p. 1; *see also* R. Doc. 13-3.
50 R. Doc. 13-1 at p. 1; *see* R. Doc. 13-3 at p. 366.
51 *Higgins v. Ace American Ins. Co.*, 24-969, 2024 WL 2796650, at *3 (E.D. La. May 31, 2024) (collecting cases).
52 *See* R. Doc. 13-3.

It was not until the Defendants received Plaintiff's Demand Letter seeking "nothing less" than the $100,000 coverage limit that they were sufficiently put on notice that her claims exceed $75,000. The Demand Letter was received after the initial pleadings, produced by a voluntary act of the Plaintiff, and obviated any need for the Defendants to rely on subjective knowledge in its efforts to determine the amount in controversy. Thus, Defendants' 30-day period to remove under § 1446(b)(3) began on that day, March 26, 2024. Because the Defendants noticed removal of this action on April 24, 2024, less than 30 days after they received the "other paper" in the form of Plaintiff's Demand Letter, their First Notice of Removal was timely.

Accordingly;

**CONCLUSION**

**IT IS ORDERED** that Plaintiff's Motion to Remand is **DENIED**.[53]

**New Orleans, Louisiana, this 19th day of August, 2024.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

[53] R. Doc. 13.